1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 | LEROY STELLY,                          CASE NO. C14-5079 RJB

12 |                    Plaintiff,           ORDER GRANTING DEFENDANT
                                            LOUIS MANERCHIA'S MOTION
13 |           v.                           TO DISMISS

14 | GETTIER, INC.; J.R. GETTIER &
     ASSOCIATES, INC.; LOUIS
15 | MANERCHIA; GULF PACIFIC
     MARINE, INC.; FOSS MARITIME CO.;
16 | SHAVER TRANSPORTATION CO.;
     PACIFIC RIVER, LLC,

17
                     Defendants.
18

19          This matter comes before the Court on Defendant Louis Manerchia's motion to dismiss

20  for lack of personal jurisdiction, insufficiency of process and/or insufficiency of service of

21  process.  Dkt. 20.  The Court has considered the pleadings in support of and in opposition to the

22  motion and the record herein.

23

24

**INRODUCTION AND BACKGROUND**

Plaintiff Leroy Stelly filed this action January 28, 2014, alleging causes of action for negligence, unseaworthiness of vessels, maintenance and cure, and for the personal liability of Defendant Louis Manerchia for failure to procure longshore and harbor workers insurance.   Dkt. 1 p. 8-9.  Manerchia is named in his capacity as president of J.R. Gettier & Associates, Inc. (Gettier).  *Id.*  Stelly, a California resident, was retained by Getttier on September 26, 2012, to provide temporary uniformed security services as a maritime guard on board a fleet of tugs, including the *M/V Daniel Foss*, the *M/V Sara*, and the *M/V Washington*.  *Id.* pp. 2-3.  The *M/V Daniel Foss* was owned and/or controlled by Defendant Foss Maritime Company, and the *M/V Sara* and the *M/V Washington* were owned and/or controlled by Defendant Shaver Transportation Co., and said vessels were chartered or leased to Defendant Gulf Pacific Marine. *Id.* p. 3.  Stelly's complaint alleges that he was engaged in maritime employment when he suffered an on-the-job injury while boarding the *M/V Daniel Foss* from a launch boat operated by Defendant Pacific River, LLC.  Id. p. 3-4.

Stelly contends that he is entitled to benefits under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 *et seq.*  Under the Act, an officer of a corporation can be held personally liable for failure of the corporation to maintain Longshore and Harbor Workers' compensation insurance.  The sole basis that Manerchia is individually named as a defendant is his status as president of Gettier.  Dkt. 1 pp. 8-9.

Manerchia resides in the state of Delaware and does not maintain a domicile or residence in Washington.  Dkt. 21 pp. 1-2.  Manerchia does not own any interest in real or personal property in the state of Washington.  *Id.* p. 2.  Manerchia has no professional or personal licenses in Washington.  *Id.*  Manerchia has been in Washington a maximum twelve to fifteen times in his

1  lifetime.  *Id*. p. 4.  Manerchia was not in Washington at the time of Shelly's injury and has never

2  been to Washington to set up a temporary security force.  *Id.*

3  　　　Service of summons and complaint was purportedly accomplished by a registered process

4  server by personal delivery to Manerchia at his Deleware residence.  Dkt. 40 p. 3.  The

5  declaration of the professional process server, Grandville Morris, states:

6  　　　On March 2, 2014 at 5:00 pm. I went to the residence of Louis Manerchia at 3214
　　Heathwood Road, Wilmington, Delaware 19810.  Mr. Louis Manerchia identified
7  　　himself to me through the living room window, and I observed that he was a white male,
　　age 60's 5'9" 200lbs with black-gray hair.  I told him I had legal papers to serve on him.
8  　　He told me to go away and he refused to open the door.  I announced service and left the
　　documents at his front door.

9  Dkt. 40-1 p. 2.

10

11 　　　Defendant  Manerchia  contradicts  this  statement  of  service  of  process  with  his  own

12 declaration, which states in part:

13 　　　On Tuesday, March 3, 2014, I found a copy of the summons and complaint in this
　　matter stuffed into the storm door of my home in Delaware.  Neither I nor anyone
　　in my office or my home was personally given a copy of the summons and
14 　　complaint in this matter.  Nor was I or any member of my household or office
　　advised that service on me was being attempted.

15 Dkt. 21 p. 5.

16

17 　　　In a supplemental declaration, Manerchia elaborates further and states that the events set

18 forth in the process server's declaration never happened.  Dkt. 43 p. 2.  Manerchia states that if

19 he was at home on the date of the purported service and had Mr. Morris knocked or rang the

20 doorbell he would have heard it.  *Id.*  He did not hear a knock or the doorbell ring.  *Id.*

21 Manerchia states he "never saw or heard Mr. Morris on or about March 2, 2014 …. I did not see

22 or hear Mr. Morris.  I did not tell him to "go away," close a window on him, nor refuse to open

23 my door, or relock an already locked door."  *Id.*  In conclusion, Manerchia states that he is

24

ORDER GRANTING DEFENDANT LOUIS
MANERCHIA'S MOTION TO DISMISS- 3

1   "unaware of any efforts being made by Mr. Morris to personally serve me on March 2, 2014."

2   *Id*. p. 3.

3        Manerchia moves to dismiss this action for lack of personal jurisdiction and/or

4   insufficient service of process.

5   **PERSONAL JURIDICTION**

6        Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the

7   plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v.*

8   *Fred Martin Motor Company*, 374 F.3d 797, 800 (9th Cir. 2004).  The plaintiff need only make a

9   prima facie showing of the jurisdictional facts to withstand the motion where, as here, the district

10   court rules without holding an evidentiary hearing. *Doe v. Unocal Corp*., 248 F.3d 915, 922 (9th

11   Cir. 2001).  In order to make a prima facie showing, plaintiff must allege facts that, if true, would

12   be sufficient to establish personal jurisdiction. *Id.*  If not directly controverted, plaintiff's version

13   of the facts is taken as true for the purposes of the motion. *Id.*  Conflicts between the facts stated

14   in the parties' affidavits must be resolved in plaintiff's favor. *Dole Food Co., Inc. v. Watts,* 303

15   F.3d 1104, 1108 (9th Cir. 2002).

16        When jurisdiction is not controlled by a federal question, the district court applies the law

17   of the state in which the district court sits to determine whether the plaintiff has met its burden.

18   *Schwarzenegger,* 374 F.3d at 800.  However, Washington's long-arm jurisdictional statute is co-

19   extensive with federal due process requirements, so the jurisdictional analysis under state law

20   and federal due process is the same. *Cognigen Networks, Inc. v. Cognigen Corp.*, 174 F.Supp.2d

21   1134, 1137 (W.D. Wash. 2001).  Federal due process requires the defendant to have minimum

22   contacts with the relevant forum. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).  A

23   district court can only exercise personal jurisdiction over a non-resident defendant (absent the

24

ORDER GRANTING DEFENDANT LOUIS
MANERCHIA'S MOTION TO DISMISS- 4

defendant's consent) if the court has general jurisdiction or specific jurisdiction. *Bancroft &*
*Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Personal jurisdiction over employees or officers of a corporation in their individual
capacities must be based on their personal contacts with the forum state and not on the acts and
contacts carried out solely in a corporate capacity. Jurisdiction over an employee does not
automatically follow from jurisdiction over the corporation which employs him; nor does
jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned
subsidiary. Each defendant's contacts with the forum state must be assessed individually.
*Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 781 nt.3 (1984); *Calder v. Jones*, 465 U.S. 783,
790 (1984). A corporate officer who has contact with a forum only with regard to the
performance of his official duties is not subject to personal jurisdiction in that forum. *Kransco*
*Manufacturing, Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981); *Forsythe v. Overmyer*,
576 F.2d 779, 782 (9th Cir. 1978). Further, a person generally acting as an agent on behalf of a
corporation is not individually subject to personal jurisdiction merely based on his actions in a
corporate capacity. *TJS Brokerage & Co. v. Mahoney*, 940 F.Supp. 784, 788-89 (E.D. Pa. 1996);
*Ali v. District of Columbia*, 278 F.3d 1, 7 (D.C. Cir. 2002). Each defendant's contacts with the
forum state must, therefore, be evaluated individually. *Rush v. Savchuk*, 444 U.S. 320, 332
(1980). Accordingly, Plaintiff Stelly cannot impute the contacts of the corporate entity Gettier to
Manerchia for the purpose of establishing personal jurisdiction over this individual Defendant.

### 1. General Jurisdiction

A defendant is subject to general jurisdiction only where the defendant's contacts with a
forum are "substantial" or "continuous and systematic." *Bancroft & Masters, Inc. v. Augusta*
*Nat'l, Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000). The threshold for satisfying the requirements

1  for general jurisdiction is substantially greater than that for specific jurisdiction.  The contacts

2  with the forum state must be of a sort that "approximate physical presence."  *Id*., p. 1086.

3  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages

4  in business in the state, serves the state's markets, designates an agent for service of process,

5  holds a license, or is incorporated there."  *Id*.  In determining whether there exist substantial or

6  continuous and systematic contacts, the focus is primarily on two areas.  First, there must be

7  some kind of deliberate "presence" in the forum state, including physical facilities, bank

8  accounts, agents, registration, or incorporation.  An additional consideration is whether the

9  defendant has engaged in active solicitation toward and participation in the state's markets, i.e.,

10  the economic reality of the defendant's activities in the state.  *Helicopteros Nacionales de*

11  *Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984*); Gates Learjet Corp. v. Jensen*, 743 F.2d 1325,

12  1331 (9th Cir. 1984).

13       It appears that Manerchia does not have sufficient contacts with the state of Washington

14  to meet the criteria for general jurisdiction.  It is undisputed that Manerchia was not a resident of

15  Washington during the time of the events in question.  Manerchia does not own property in

16  Washington and has no professional or personal licenses in Washington.  Manerchia's limited

17  interactions with the State of Washington do not rise to the level of being continuous and

18  systematic that they approximate physical presence in the forum.  Stelly cannot establish that this

19  Court has general jurisdiction over Manerchia.

20       **2.  Specific Jurisdiction**

21       Specific jurisdiction applies if (1) the defendant has performed some act or consummated

22  some transaction within the forum state or otherwise purposefully availed himself of the

23  privileges of conducting activities in the forum (availment prong), (2) the claim arises out of or

24

1    results from the defendant's forum-related activities (nexus prong), and (3) the exercise of

2    jurisdiction is reasonable (reasonableness prong).  *Easter v. American West Financial*, 381 F.3d

3    948, 960-61 (9th Cir. 2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086

4    (9th Cir. 2000).  The burden is on the plaintiff to establish the first two prongs. Then, only if

5    plaintiff has established the first two prongs, defendant can explain how the exercise of

6    jurisdiction is unreasonable. Schwarzenegger, 374 F.3d at 82.

7        The Ninth Circuit employs different specific jurisdiction tests for the availment prong

8    depending on whether the action sounds in contract or tort.  *Ziegler v. Indian River County*, 64

9    F.3d 470, 473 (9th Cir. 1995).  The courts apply the "effects test," when the defendant's acts are

10   tortious in nature.  See, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998);

11   *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1486 (9th Cir. 1993).  In order to establish

12   purposeful availment under the "effects test" the plaintiff must demonstrate the existence of (1)

13   intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is

14   suffered, and which the defendant knows is likely to be suffered, in the forum state.  *Panavision*,

15   at 1322; *Core-Vent Corp.*, at 1486.  A showing that a defendant purposefully directed his

16   conduct toward a forum state usually consists of evidence of the defendant's actions outside the

17   forum state that are directed at the forum, such as the distribution in the forum state of goods

18   originating elsewhere. *Schwarzenegger*, 374 F.3d at 803.

19       The conduct of Manerchia does not satisfy the "effects test."  There is no showing that

20   Manerchia's actions in Delaware were directed at the forum state, Washington.  Nor does

21   Stelly's claim sound in tort.  Stelly's assertion is that Manerchia is personally liable as a statutory

22   guarantor of Gettier's obligation to maintain longshore and harbor workers insurance.  See Dkt. 1

23

24

1   pp. 8-9; Dkt. 40 pp. 5-6.  This claim arises from the contractual relationship between Stelly and

2   Gettier in his employment as a maritime security guard.

3        In cases arising out of contractual relationships, including those involving related tort

4   claims, the Ninth Circuit applies the "purposeful availment" test.  This first prong is satisfied

5   when the defendant has performed some type of affirmative conduct that allows or promotes the

6   transaction of business within the forum state.  *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir.

7   2001).  This test requires the court to consider the nature and quality of commercial activity that

8   the defendant deliberately conducts in the forum state.  *Cybersell, Inc. v. Cybersell, Inc*., 130

9   F.3d 414, 419-20 (9th Cir. 1997).  Application of this "purposeful availment" test requires an

10  examination of the facts to determine if the defendant has taken deliberate action within the

11  forum state or created continuing obligations to forum residents.  *Cybersell*, at 417.  The

12  existence of a contract alone cannot automatically establish sufficient minimum contacts.  Prior

13  negotiations and contemplated future consequences, along with the terms of the contract and the

14  parties' actual course of dealing, are the factors to be considered. The foreseeability of causing

15  injury in another state is not a sufficient basis on which to exercise jurisdiction.  *Burger King*

16  *Corp. v. Rudzewicz*, 471 U.S. 462, 474, 471-72 (1985); *Gray & Co. v. Firstenberg Mach. Co*.,

17  913 F.2d 758, 760 (9th Cir. 1990).  A showing that a defendant purposefully availed himself of

18  the privilege of doing business in a forum state typically consists of evidence of the defendant's

19  actions in the forum, such as executing or performing a contract there.  By taking such actions, a

20  defendant purposefully avails itself of the privilege of conducting activities within the forum

21  state, thus invoking the benefits and protections of its laws. In return for these benefits and

22  protections, a defendant must, as a quid pro quo, submit to the burdens of litigation in that forum.

23  *Schwarzenegger*, at 802.

24

1   Stelly has failed to establish that Manerchia has purposefully availed himself of the

2   benefits of Washington.  Stelly has not established that Manerchia purposefully directed his

3   conduct (failing to procure insurance) with Washington residents, thereby availing himself of the

4   privilege of conducting activities in Washington and invoking the benefits and protections of

5   Washington's laws. The mere fact that Manerchia may be held accountable for a failure to

6   procure insurance does not establish specific jurisdiction.  "Liability is not to be conflated with

7   amenability to suit in a particular forum." *AT & T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d

8   586, 591 (9th Cir. 1996).  The argument that Manerchia is severally liable to Shelly for Gettier's

9   failure to maintain insurance results in liability based on a legal theory rather than actual contacts

10  with Washington by Manerchia.   Regardless of whether Longshore and Harbor Workers

11  Compensation Act, 33 U.S.C. § 901 *et seq.* provides grounds for liability, it does not

12  automatically confer personal jurisdiction over a out-of-state defendant.  See *State ex rel.*

13  *DeWine v. S & R Recycling, Inc.*, 961 N.E.2d 1153, 1157-58 (Ohio App. 2011)(Although statutes

14  may provide grounds for holding individual corporate officers liable, they do not automatically

15  confer personal jurisdiction over out-of-state defendants). The possibility of Manerchia's liability

16  for failure to maintain longshore and harbor workers insurance does not constitute an availment

17  of the privilege of conducting business in Washington.  Manerchia has not performed or failed to

18  perform any act which has an effect on the State of Washington.  Shelly is not a resident of

19  Washington and no Washington resident is affected by whether Manerchia is accountable for a

20  failure of Shelly's employer to maintain longshore and harbor workers insurance.  Shelly has

21  failed to establish the first prong of the specific jurisdiction test.

22      The second prong of the specific jurisdiction test is satisfied if plaintiff can establish that

23  his cause of action would not have arisen "but for" the individual defendant's contacts with

24

Washington. *Panavision*, 141 F.3d at 1320; *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Shelly fails to satisfy this requirement as well. Assuming the truth of Shelly's allegations, the claims against Manerchia would remain regardless of any alleged contacts with Washington. The alleged failure to purchase and/or maintain longshore and harbor workers insurance is not dependent upon Washington as the forum state. Plaintiff has filed to satisfy the "but for" element of specific jurisdiction over Defendant Manerchia.

The third and final prong of the specific jurisdiction test is whether exercising personal jurisdiction over the nonresident defendant is reasonable, as an unreasonable exercise of personal jurisdiction would violate due process. *Ziegler v. Indian River County*, 64 F.3d 470, 474-75 (9th Cir. 1995). Plaintiff has to establish both the purposeful availment prong and that the claim arises out of defendants forum related activities and has an effect in the forum before the burden is on defendant to explain how the exercise of jurisdiction is unreasonable. *Schwarzenegger*, 374 F.3d at 82. Shelly has failed to establish the first two prongs of the specific jurisdiction test and accordingly, Manerchia need not establish unreasonableness. Nonetheless, Manerchia has established that it would be unreasonable to subject him to litigation in this forum.

The reasonableness requirement may defeat local jurisdiction even if the defendant has purposefully engaged in forum related activities. *Burger King*, 471 U.S. at 477-78. The Ninth Circuit considers seven factors to determine whether the exercise of specific jurisdiction is reasonable: (1) the extent of the defendant's purposeful contacts with the state; (2) the burden on the defendant of litigating in the forum state; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Ziegle*r, at 475.

ORDER GRANTING DEFENDANT LOUIS
MANERCHIA'S MOTION TO DISMISS- 10

1   First, Manerchia's contacts with Washington are minimal.  These contacts are limited to

2   rare, unrelated visits to this state.  This factor weighs heavily in Manerchia's favor.  See,

3   *Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981).

4   Second, the Court considers the burden on Manerchia litigating in Washington.

5   Manerchia resides in Delaware and would be burdened by litigating here.  This factor weighs in

6   Manerchia's favor.

7   Third, the Court considers any conflict with the sovereignty of Delaware.  Because the

8   alternative forums are within the United States, "any conflicting sovereignty interest are best

9   accommodated through choice-of-law rules rather than jurisdictional rules." *Gray & Co. v.*

10  *Firstenberg Mach. Co*., 913 F.2d 758, 761 (9th Cir. 1990).  Further, Shelly is seeking to enforce

11  federal law that may be accomplished in either jurisdiction.  Accordingly, this factor does not

12  favor either party.

13  Fourth, Washington's interest in the dispute is considered.  Washington's interest in

14  adjudicating this dispute is not particularly great because the action arises out of a contractual

15  relationship between Shelly, a California resident and Manerchia, a Delaware resident, and the

16  imposition of liability under federal law. This factor does not necessarily favor Washington and

17  is neutral.

18  Fifth, the Court must evaluate the most efficient judicial resolution.  Courts evaluate

19  judicial efficiency by looking to "where the witnesses and the evidence are likely to be located."

20  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).  Although the injury arose in

21  the forum state, the alleged failure to procure insurance occurred in Delaware.  Witnesses and

22  evidence of insurance, or lack thereof, will be located primarily Delaware.  This factor weighs in

23  Defendants' favor.

24

ORDER GRANTING DEFENDANT LOUIS
MANERCHIA'S MOTION TO DISMISS- 11

1    Sixth, the importance of Washington as the Plaintiff's forum appears to rest solely on

2    some of the Defendants residing in Washington and the locus of the injury.  Plaintiff's residence

3    is California.  This factor weighs slightly in Shelly's favor.

4    Seven, Plaintiff bears the burden of proving the unavailability of an alternative forum.

5    Shelly has not met this burden. This factor therefore weighs in Defendants' favor.

6    A majority of these factors favor the Defendant Manerchia.   Exercising specific

7    jurisdiction over Manerchia would therefore be unreasonable under the Due Process Clause and

8    Shelly has failed to satisfy the third prong of the specific jurisdiction analysis.

9    For the reasons set forth above, the Shelly has failed to satisfy the elements that would

10   support the exercise of personal jurisdiction over Manerchia.  The Court accordingly will grant

11   Manerchia's motion to dismiss for lack of personal jurisdiction.

12                                 **SERVICE OF PROCESS**

13   Manerchia also seeks dismissal on the basis of insufficiency of service of process and/or

14   insufficiency of process.  Dkt. 20 pp. 2-5.

15   Federal courts cannot exercise personal jurisdiction over a defendant without proper

16   service of process.  *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987).  Insufficient

17   service can result in dismissal under Fed. R. Civ. P. 12(b)(5).  Fed. R. Civ. P. 4 sets forth the

18   appropriate procedures for service of a summons and complaint in federal court.  Specifically,

19   Rule 4(e) provides for service upon an individual by:

20   (1)  following state law for serving a summons in an action brought in courts of
          general jurisdiction in the state where the district court is located or where
21        service is made; or

22   (2)  doing any of the following:

23            (A) delivering a copy of the summons and of the complaint to the
                  individual personally;

24

ORDER GRANTING DEFENDANT LOUIS
MANERCHIA'S MOTION TO DISMISS- 12

(B)  leaving a copy of each at the individual's dwelling or usual place
      of abode with someone of suitable age and discretion who resides
      there; or
(C)  delivering a copy of each to an agent authorized by appointment
      or by law.

Fed. R. Civ. P. 4(e).

Once the plaintiff serves process, Rule 4(1) of the Federal Rules of Civil Procedure requires the plaintiff to file a server's affidavit with the Court demonstrating proper service. Fed. R. Civ. P. 4(l). A return of service, *i.e.* server's affidavit, serves as prima facie evidence that service was validly performed. However, a sufficient affidavit contradicting the return of service is sufficient to refute the prima facie presumption. See *Blair v. City of Worcester*, 522 F.3d 105 (1st Cir. 2008).

Here, as previously set forth, Mannerchia has filed sworn declarations contradicting the fact of personal service. See Dkts. 21 and 43. This dispute over the accuracy of the return raises an issue of fact that must be resolved by an evidentiary hearing prior to any determination that the Court has jurisdiction over Defendant Manerchia through proper service of process. Because this matter is being dismissed on other grounds, lack of personal jurisdiction, the necessity to conduct an evidentiary hearing is moot.

### CONCLUSION

For the foregoing reasons, Defendant Louis Manerchia is not subject to the jurisdiction of this Court. Therefore, it is hereby **ORDER:**

1. Defendant Louis Manerchia's Motion to Dismiss (Dkt. 20) is **GRANTED.**

2. Defendant Louis Manerchia is **DISMISSED** from this case **WITHOUT PREJUDICE** as he is subject to suit in the appropriate forum

Dated this 28th day of April, 2014.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANT LOUIS
MANERCHIA'S MOTION TO DISMISS- 14